OPINION *Page 2 
{¶ 1} Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc. R. 12(5). Defendant-appellant Richard T. Cereghin ("Cereghin") brings this appeal from the judgment of the Court of Common Pleas of Paulding County denying his motion to suppress. For the reasons stated below, the judgment is affirmed.
 {¶ 2} On January 24, 2007, the vehicle in which Cereghin was a passenger was stopped for crossing the center line while making a right hand turn. Trooper Shawn D. Cook ("Cook") observed a strong odor of marijuana while speaking with the driver. Cook asked the driver to leave the vehicle and advised him of his Miranda rights. Cook then placed the driver in the patrol car and informed him that he was going to search the vehicle. Upon approaching the vehicle, Cook told Cereghin that he was going to search the vehicle. Cook asked Cereghin what the yellow grocery bag partially under the passenger seat contained. Cereghin responded "my lunch." When Cook attempted to remove the bag, Cereghin pushed Cook's hand away with his foot. Once Cook opened the bag, he found three one gallon sized bags of what appeared to be raw marijuana. Cook arrested Cereghin for possession of marijuana.
 {¶ 3} On February 9, 2007, the grand jury indicted Cereghin on one count of possession of drugs in violation of R.C. 2925.11, a felony of the fifth degree. *Page 3 
Cereghin was arraigned on February 26, 2007, and entered a plea of not guilty. On April 26, 2007, Cereghin filed a motion to suppress challenging the validity of the stop and claiming that Cook questioned him prior to informing him of his rights pursuant to Miranda. A hearing was held on the motion on May 8, 2007. The trial court overruled the motion to suppress on May 9, 2007. On November 28, 2007, Cereghin changed his plea to no contest. The trial court then found Cereghin guilty. On December 13, 2007, the trial court sentenced Cereghin to serve 11 months in prison and pay a fine of $1,000.00. Cereghin appeals these judgments and raises the following assignments of error.
 First Assignment of Error The court erred in denying [Cereghin's] motion to suppress when [Cook] did not possess a reasonable and articulable suspicion to justify a stop and detention of [Cereghin], who was the passenger in the automobile stopped by [Cook].
 Second Assignment of Error The court erred in denying [Cereghin's] motion to suppress when actions by [Cook] effectively placed [Cereghin] in custody and [Cook] conducted investigatory questioning prior to reading [Cereghin] his Miranda rights.
 {¶ 4} Both assignments of error claim that the trial court erred in overruling the motion to suppress. The standard of review for a motion to suppress has previously been addressed by this court.
 Review of a motion to suppress ruling involves a mixed question of law and fact. * * * In a motion to suppress, the trial court *Page 4 assumes the role of the trier of facts, and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. * * * The weight of the evidence is also primarily for the trier of the facts.
 Accordingly, in our review, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. * * * Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. * * * That is, the application of the law to the trial court's findings of fact is subject to a de novo standard of review.
State v. Norman (1999), 136 Ohio App.3d 46, 51-52, 735 N.E.2d 953
(citations omitted). With this standard in mind, this court will address the issues raised by Cereghin.
 {¶ 5} In the first assignment of error, Cereghin claims that Cook lacked probable cause to stop the vehicle. Cook testified that he stopped the vehicle because he observed the vehicle cross the centerline while making a wide right turn. Tr. 9-10. A review of the exhibits clearly shows that the centerline crossed by Cereghin was a double yellow line. Cereghin argues that crossing the centerline is not probable cause for stopping the vehicle. "Where a police officer stops a vehicle based upon probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under theFourth Amendment to the United States Constitution[.]" Dayton v. Erickson, 76 Ohio St.3d 3, 1996-Ohio-431, syllabus, 665 N.E.2d 1091. "When a police officer observes a vehicle *Page 5 
driving left of the centerline that officer has witnessed what appears to be a violation of the law." State v. Pfeiffer, 12th
Dist. No. CA2003-12-329, 2004-Ohio-4981, ¶ 24.
 {¶ 6} Cereghin claims that crossing the centerline is not probable cause because of this court's prior holding in State v. Phillips, 3d Dist. No. 8-04-25, 2006-Ohio-6338. However in Phillips, the defendant did not cross the centerline, but instead crossed the white, right edge marker. In this case, Cook observed the vehicle cross the double yellow centerline, not the white edge marker. Crossing the double yellow centerline is a traffic violation. Thus, Cook had probable cause to believe that a traffic violation had occurred and to stop the vehicle. The first assignment of error is overruled.
 {¶ 7} Cereghin argues in his second assignment of error that Cook should have been required to read Cereghin his Miranda rights prior to investigative questioning. Cereghin claims that Cook had already placed the driver into custody and read him his Miranda rights prior to conducting the search. Cereghin also claims that since Cook was leaning over Cereghin, blocking his exit from the vehicle, and did not inform him that he was free to leave, the questioning was effectively custodial. In support of his claim, Cereghin cites State v.Coleman, 7th Dist. No. 06 MA 41, 2007-Ohio-1573. *Page 6 
 {¶ 8} In Coleman, the officer questioned the defendant without informing him of his rights after the officer had decided to arrest the defendant but before doing so. The trial court then suppressed the testimony finding that the questioning had been custodial interrogation since the officer would not have permitted the defendant to leave. Upon review, though, the appellate court reversed the judgment of the trial court finding that the defendant had not experienced the "functional equivalent of an arrest" when he was questioned. Id. at ¶ 40. "If there was not a formal arrest, then to establish custody there must be a restraint on the freedom of movement to a degree associated with formal arrest. Id. at ¶ 17. The court also noted that the U.S. Supreme Court has held that although a traffic stop curtails freedom of movement, it does not impair the privilege against self-incrimination to such a degree as to warrant a Miranda warning. Id. at ¶ 19 (citing Berkemer v.McCarty (1984), 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317). The officer is entitled to "ask the detainee a moderate number of questions to determine his identity and to try and to obtain information confirming or dispelling the officer's suspicions." McCarty, supra at 439.
 {¶ 9} Here, the testimony of Cook provided at the suppression hearing is as follows.
 A. I asked [the driver] to exit his vehicle, asked him to have a seat in my patrol car. He did in the front seat, and that's when I explained the traffic stop to him again, explained to him that I could smell of (sic) the odor of raw marijuana in his truck and *Page 7 on his person, and at that time I advised [the driver] of his rights.
 Q. And while [the driver] was in the patrol car, where is [Cereghin] at?
 A. [Cereghin] is still in the front seat of the pickup truck on the right side, passenger's side.
 Q. Did you leave [the driver] in the patrol car at that point?
 A. * * * He was placed into the back seat of my patrol car for my safety. At that time I approached the passenger side of the pickup truck, the right side of the pickup truck.
 Q. At this point had you give [Cereghin] any instructions or any, informed him that he was being detained in any fashion?
 A. No, I did not.
 Q. Once you approached the passenger side of the vehicle, what did you do next?
 A. I opened the passenger door, again smelled the raw marijuana inside the truck, explained to him that I smelled the odor of raw marijuana and I was going to search the vehicle. At that time I looked to the floorboard of the right side of the pickup truck, and [Cereghin] had his feet on top of a yellow grocery bag. And I asked him what that was, and he said it was his lunch.
 Q. At that point was [Cereghin] free to go?
 A. Yes, he was.
 Q. Would you have detained him for any reason?
 A. No, I did not.
 * * * *Page 8 
 Q. What did you do next after you asked [Cereghin] a question?
 A. When — after he said it was his lunch, I had reached my right hand towards the area and he kind of smooshed (sic) my hand away with his right foot. When I put my hand inside the bag, that's when I felt that it was a bag of marijuana, raw marijuana, from my experience; and when it was opened, I observed it to be three gallon-sized bags of marijuana, raw marijuana.
 Q. What did you do next?
 A. At that time I asked [Cereghin] to exit his vehicle. At that time he was handcuffed and he was informed of his rights at that time and he was placed in the back seat of the patrol car.
Tr. 16-18. Although Cereghin claims in his brief that he was intimidated by the officer, there is no evidence of such in the record. The only witness who testified at the motion to suppress was Cook, who testified that Cereghin was not in custody. After reviewing the record, the trial court's finding of facts is supported and must be accepted as true. Given the facts before this court, there is no evidence that would indicate that Cereghin was in custody at the time the officer asked him what was in the bag. The sole evidence before this court is Cook's testimony that Cereghin was free to leave. The arguments raised by Cereghin in his brief are not supported by the evidence on the record. Considering the totality of the circumstances, Cereghin was not in custody at the time of the question and *Page 9 
thus no Miranda warnings were required. The second assignment of error is overruled.
 {¶ 10} The judgment of the Court of Common Pleas of Paulding County is affirmed.
Judgment Affirmed.
 SHAW, P.J. and ROGERS, J., concur. *Page 1